NATHANIEL M. BYNUM v. LEONARD S. DALTON.

[48 South. 1019.]

MONEY RECEIVED. *Recovery of payment. Double pay. Reward. Expenses for returning fugitive. Allowance by county.*

Where plaintiff in pursuance of a contract paid defendant his expenses incurred in arresting a fugitive from justice and bringing him back to this state for trial, a subsequent allowance of such expenses to defendant by the county does not entitle plaintiff to recover the sum paid by him, although defendant fraudulently obtained the allowance from the county by falsely representing that his expenses had not been paid by any one.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Dalton, appellee, was plaintiff in the court below; Bynum,

appellant, was defendant there.  From a judgment in plaintiff's favor defendant appealed to the supreme court.

One Helms, charged by affidavit with crime committed in Mississippi, absconded to the state of Kansas.  Dalton, plaintiff, interested in seeing Helms prosecuted, secured the services of Bynum, defendant, to go to Kansas and bring the fugitive back, and gave him $200 out of which to pay his expenses.  A requisition was obtained, and Bynum was named as the agent of the state of Mississippi to return the fugitive.  He .went to Kansas, and brought Helms back, and returned to Dalton $120, claiming that $80 had been used in expenses.  Afterwards Bynum made application to the board of supervisors of the county, under Code 1906, § 2212, for expenses in bringing back the prisoner, and represented that he had not received, nor claimed, any reward from the state, county, or any person, and was allowed $139.80 by the county.  Thereafter Dalton demanded of Bynum repayment of the $80.  Bynum refused to pay back the money.

Plaintiff did not contend that the $80 sued for was not spent for legitimate expenses, but based his right to recover on the ground that defendant was afterwards allowed his expenses by the county.  Defendant insisted that plaintiff employed him and agreed to give him his expense money to go after Helms and return him to the state, and that the transaction was made with him as a private individual, and not as an official of any sort, or as a representative of the state.

Code 1906, § 2212, is as follows: "Any party, acting under a requisition of the Governor, who brings back to this state and delivers to the sheriff of the county where the offense is alleged to have been committed, a person charged with felony, shall receive, to be paid out of the county treasury on the order of the circuit court and of the board of supervisors, twenty cents a mile for the distance necessarily traveled in coming from the place of arrest to the place of delivery; but the same shall

not be paid to any party who has received, or who claims a reward from the state, county, or [any] person."

*Lamb & Johnston,* for appellant.

The appellee does not deny that he secured the services of the appellant, Bynum, to go after Helms, the seducer of the appellee's sister-in-law, who had absconded to Kansas.

It is not denied, that, when the appellant started after Helms that the appellee gave him $200 and on the return of the appellant he restored to the appellee $120.

There is no dispute about the expenses of the appellant in making this trip being $80.

The appellee does not contend that this $80 sued for was not spent for legitimate expenses, there is not even a hint at such a suggestion, but bases his right to recover the $80 on the fact that appellant was afterwards allowed his fee by the county as provided in Code 1906, § 2212.

Appellee contends that the code section abrogated a contract which he himself admits that he made with the appellant.

*Bennett & Sweat,* for appellee.

The appellant had no more right to receive this $80 than would the sheriff or any other officer have, to receive money for any service by them respectively, performed, by virtue of their offices, in addition to that which is provided by law.

We do not contend that Code 1906, § 2212, abrogates a contract, but Code 1906, §§ 2163, 2212, taken together, render any attempted contract between appellant and appellee by which appellant was to receive money void *ab initio.*

If an officer receives more than his legal compensation, he is liable to an action for the excess. 29 Cyc. 1426.

It can make no difference that neither appellant nor appellee knew that the compensation for such officers was provided by law, it was appellant's duty to know. This duty did not

Syllabus.

devolve upon appellee. *American Steamship Co. v. Young,* 33 Am. Rep. 748.

It is not necessary that Bynum should have received this money with any idea of turpitude or wrong doing, it being sufficient that he received it by virtue of his official position. *Ib.*

If officers and persons whose fees are fixed by law are to be allowed to receive money for their services from other sources, and by other means than that which the statute prescribes, the door is opened for innumerable impositions on the public who will be absolutely at the mercy of officers under a great many circumstances.

WHITFIELD, C. J., delivered the opinion of the court.

The relations between Bynum and Dalton are governed by the contract between them that Dalton was to pay Bynum's expenses. The expenses are conceded to have been $80, and that is all that Bynum retained of the $200 originally handed him by Dalton. It was no concern to Dalton what occurred between Bynum and the board of supervisors. That was a matter between Bynum and the state.

The court below erred, the judgment is reversed, and judgment will be entered here for the appellant.

*Reversed.*